**United States District Court**
**Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| Uniloc 2017 LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 6:19-cv-532 |
| | § | |
| Apple Inc., | § | |
| | § | |
| *Defendant* | § | Jury Trial Demanded |
| | § | |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Uniloc 2017 LLC ( "Uniloc"), for its complaint against defendant, Apple Inc. ("Apple"), allege as follows:

### THE PARTIES

1.      Uniloc 2017 LLC is a Delaware company having addresses including 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2.      Apple is a California corporation having regular and established places of business at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas. Apple designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States smartphones, tablets, iPods, desktop computers, and notebook computers running iOS or macOS operating systems, which include an App Store for iOS devices and Mac App Store for macOS devices.  Apple markets, sells, and offers to sell its products and/or services, including those accused herein of infringement, to actual and potential customers and end-users located in Texas and in the judicial Western District of Texas such as at the Barton Creek Mall (2901 S. Capital of Texas Hwy) and in the Domain (3121 Palm Way, Austin, TX 78758) in Austin, Texas. Apple may

be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.       Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

4.       The amount in controversy exceeds $75,000.

5.       Venue is proper in this judicial district per 28 U.S.C. §§ 1391 and 1400(b). Apple has committed acts of infringement in this judicial district and maintains regular and established places of business in this district, as set forth above. Apple has continuous and systematic business contacts with the State of Texas. Apple, directly or through subsidiaries or intermediaries (including distributors, retailers, contract manufacturers, and others), conducts its business extensively throughout Texas, by shipping, manufacturing, distributing, offering for sale, selling, and advertising (including the provision of interactive web pages) its products and services in the State of Texas and the Western District of Texas.  Apple, directly or through subsidiaries or intermediaries (including distributors, retailers, contract manufacturers, and others), has purposefully and voluntarily placed its infringing products and services into this District and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District. Apple has offered and sold and continues to offer and sell these infringing products and services in this District, including at physical Apple stores located within this District. Apple has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district. Austin, where Apple employs over 5,000

employees and has several corporate campuses, is Apple's largest corporate hub outside of its headquarters in Cupertino, California.



Apple's Mac Pro computers, which are among the accused infringing devices, are and have been manufactured, via contract manufacturer Flextronics, in Austin since 2013 as indicated by Apple CEO Tim Cook's Twitter message shown above.

## INFRINGEMENT OF U.S. PATENT NO. 6,467,088

6.     Uniloc incorporates paragraphs 1-7 above by reference as though fully set forth herein.

7.     Uniloc is the owner, by assignment, of U.S. Patent No. 6,467,088 ("the '088 Patent"), entitled RECONFIGURATION MANAGER FOR CONTROLLING UPGRADES OF ELECTRONIC DEVICES, which issued on October 15, 2002. A copy of the '088 Patent is attached as Exhibit A.

8.      The '088 Patent describes in detail and claims in various ways inventions in systems and devices for improved management and control of reconfiguring electronic devices developed by the inventors around 1999.

9.      The '088 Patent addresses technical problems and shortcomings in the then-existing field of the management of reconfiguring and controlling electronic devices.  The Patent describes the state of computer device technology in the 1990s and shortcomings of multiple conventional techniques to update computer systems and devices.  The claimed inventions in the Patent reflect technological improvements upon those conventional techniques and the state of the art at the time.  The Patent claims novel and inventive technological improvements and solutions to those problems and shortcomings.  The technological improvements and solutions described and claimed in the '088 Patent were not conventional or generic at the time of their respective inventions.  The inventions of the claims involved novel and nonobvious approaches to the problems and shortcomings prevalent in the art at the time.  The inventions claimed in the '088 Patent involve and cover more than just the performance of well-understood, routine, and/or conventional activities known to the industry prior to the invention of the methods, systems, and devices by the '088 Patent inventors.

10.     Apple has imported/exported into/from the United States, manufactured, used, marketed, offered for sale, and/or sold in the United States smartphones (e.g., iPhones), tablets (e.g., iPads), iPods, desktop computers (e.g., iMacs, Mac Pro, Mac mini), and notebook computers (e.g., MacBooks) running iOS or macOS operating systems, including the App Store or Mac App Store and their associated servers implementing iOS/macOS update functionality (collectively "Accused Infringing Devices") that infringe one or more claims of the '088 Patent.

11.    Apple has infringed, and continues to infringe, claims of the '088 Patent in the United States, including claims 1-4 and 6-8, 10-14, 16-18 and 20-21, by making, using, offering for sale, selling and/or importing into the United States the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

12.    The Accused Infringing Devices infringe by, for example, performing processor-implemented management and control of the reconfiguration of the device. For example, the iOS update functionality controls the reconfiguration of the device, such as, for example, the installation or update of an App Store application on the device. Similarly, the macOS update functionality controls the reconfiguration of the device, such as, for example, the installation or update of a Mac App Store application on the device.

13.    Using claims 1 and 21 merely as an illustrative example of Apple's infringement, the Accused Infringing Devices include functionality for meeting all the elements of each of those claims.   The Accused Infringing Devices include functionality that receives information representative of a reconfiguration request relating to the end-user device (*e.g.*, smartphone, tablet, desktop, or laptop), namely a request for installation of an updated application via the App Store and/or Mac App Store.

14.    When an updated application is requested, functionality in the Accused Infringing Devices determines whether a component is required for the update.  As one example, functionality in the Accused Infringing Devices determines that the requested update requires a certain version of the operating system to be installed (*e.g.*, iOS or macOS, depending on the end-user device).

15.    The Accused Infringing Devices can determine the version of the operating system (*e.g.*, iOS or macOS, depending on the end-user device) running on the end-user device and compare that version to the required version. The Accused Infringing Devices generate

information indicative of an approval or denial of the reconfiguration request based at least in part on the result of the comparison. For example, if the version of the operating system is not compatible with the update requested, a message (e.g., "This application requires iOS 10.0 or later.") will be displayed on the device.  However, if the version of the operating system on the requesting device is compatible, then the device will display an indicator showing approval of the update (such as a download progress indicator).

16.     Apple has also infringed, and continues to infringe, claims 1-4 and 6-8, 10-14, 16-18 and 20-21 of the '088 Patent by actively inducing others to use, make, import into the United States, offer for sale, and sell the Accused Infringing Devices. For example, Apple's customers, business partners, developers, end-users, and others directly infringe through their use of the inventions claimed in the '088 Patent. Apple induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Infringing Devices, and providing instructions, documentation, and other information to customers, end-users, business partners, developers, and others suggesting that they use the Accused Infringing Devices in an infringing manner, including in-store technical support, online technical support, marketing, videos, demonstrations, instruction and product manuals, advertisements, and online documentation such as those located at:

a.     www.apple.com

b.     www.apple.com/iphone/compare/

c.     https://www.apple.com/ios/app-store/

d.     https://www.apple.stackexchange.com/questions/135060/

e.     https://support.apple.com/en-us/

f.     https://developer.apple.com/app-store/review/guidelines/

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

g.     https://www.apple.com/iphone-*/specs/ (*= model number) (e.g., https://www.apple.com/iphone-7/specs/)

h.     https://support.apple.com/en-sg/HT204204

i.     www.youtube.com/user/apple

j.     https://www.apple.com/ipad-pro/specs/

k.     https://www.apple.com/ipad-air/specs/

l.     https://www.apple.com/ipad-mini/specs/

m.     https://www.apple.com/ipad-9.7/specs/

n.     https://www.apple.com/macbook-air/specs/

o.     https://www.apple.com/macbook-pro/specs/

p.     https://www.apple.com/imac/specs/

q.     https://www.apple.com/imac-pro/specs/

r.     https://www.apple.com/mac-mini/specs/

17.    Apple intends and knows that its customers, end-users, business partners, distributors, retailers, developers, and others to use the Accused Infringing Devices to operate using the iOS and/or macOS operating systems, as described above. Apple documentation informs users and provides recommendations for new releases and updates for iOS and/or macOS and applications used on the Accused Infringing Devices. Apple also sets minimum standards for approval to the App store and/or Mac App Store and instructs app developers, customers, end-users, and others to update their applications to ensure they remain functional and current. When the Accused Infringing Devices are used as intended by Apple, Apple intentionally induces such infringement.

18.     Apple also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices. As a result of Apple's inducement, Apple's customers, end-users, business partners, distributors, retailers, developers, and others use the Accused Infringing Devices in the way Apple intends and directly infringe the '088 Patent. Apple performs these affirmative acts with knowledge of the '088 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '088 Patent.  Apple is thereby liable for infringement of the '088 Patent under 35 U.S.C. § 271(b).

19.     Apple has also infringed, and continues to infringe, claims 1-4 and 6-8, 10-14, 16-18 and 20-21 of the '088 Patent by contributing to direct infringement committed by others, such as customers, end-users, business partners, distributors, retailers, developers, and others.  Apple's affirmative acts of selling and offering to sell, in this District and elsewhere in the United States, the Accused Infringing Devices and causing the Accused Infringing Devices to be manufactured, used, sold, and offered for sale contribute to Apple's customers, end-users, business partners, distributors, retailers, and developers use of the Accused Infringing Devices, such that the '088 Patent is directly infringed. The accused components within the Accused Infringing Devices are material to the invention of the '088 Patent, have no substantial non-infringing uses, and are known by Apple to be especially made or especially adapted for use in the infringement of the '088 Patent. Apple performs these affirmative acts with knowledge of the '088 Patent and with intent or willful blindness, that they cause the direct infringement of the '088 Patent. Apple is thereby liable for infringement of the '088 Patent under 35 U.S.C. § 271(c).

20.     Apple has had actual notice and knowledge of the '088 Patent and its infringement of the '088 Patent no later than the service of the complaint in Case No. 1:18-cv-00296-LY (filed April 9, 2018).  Apple has known and intended (since receiving such notice) that its continued

actions would actively induce and contribute to the infringement of claims 1-4 and 6-8, 10-14, 16-18 and 20-21 of the '088 Patent.

21.     Further, Apple previously filed a petition for *inter partes* review (Case IPR2019-00056) challenging the validity of the '088 Patent.  Apple challenged claims 1–21 of the '088 Patent on multiple §103 grounds—including various combinations of U.S. Patent Nos. 5,752,042 ("Cole"), 6,449,723 (Elgressy); 7,062,765 (Pitzel); and PCT Application No. WO 97/30-549 ("MacInnis").

22.     The Patent Trial and Appeal Board ("the Board") declined to institute review. The Board reasoned that Apple's proffered combinations did not tech limitations present in every claim—such as Cole's and Pitzel's failures to teach the claimed "list of known [un]acceptable configurations" limitations.  Ultimately, the Board concluded that Apple did not show a reasonable likelihood of prevailing in Apple's assertion that the claims of the '088 Patent would have been obvious.

23.     Apple may have infringed the '088 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

24.     As a result of Apple's acts of infringement, Uniloc has suffered actual and consequential damages. Uniloc is entitled to recover from Apple the damages, at least in the form of reasonable royalties, sustained by Uniloc as a result of Apple's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

25.     Uniloc requests that the Court enter judgment in Uniloc's favor ordering, finding, declaring, and/or awarding Uniloc relief as follows:

(A)     declaring that Apple has infringed the '088 Patent;

(B)     awarding Uniloc its damages suffered as a result of Apple's infringement of the '088 Patent;

(C)     awarding enhanced damages pursuant to 35 U.S.C. § 284;

(D)     awarding Uniloc its costs, attorneys' fees, expenses, and pre-judgment and post-judgment interest;

(E)     declaring that this is an exceptional case and awarding Uniloc their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(F)     granting Uniloc such other equitable relief which may be requested and to which Uniloc is entitled; and

(G)     granting such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

26.     Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted,
By: /s/   William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
Twilson@davisfirm.com

DAVIS FIRM
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661


**Counsel for Plaintiff Uniloc 2017 LLC**