# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | Civil Action No. 6:19-cv-532-ADA |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## APPLE'S MOTION TO STAY PENDING TRANSFER

Apple respectfully moves to stay this case pending transfer to the Northern District of California (NDCAL).

On November 9, 2020, the Court of Appeals for the Federal Circuit (CAFC) granted Apple's writ of mandamus and ordered this case transferred to the NDCAL. On that same day, Apple contacted counsel for Uniloc noting that, in light of the CAFC decision, activity in this District should be stayed pending transfer to the NDCAL. Subsequently, counsel met and conferred, but Uniloc disagreed that a stay was appropriate and declined to provide any authority for their position. Instead, Uniloc proposed extending some, but not all, of the WDTX case activity and deadlines.

Given there is significant activity underway and upcoming in the WDTX that should now take place in the NDCAL, pursuant to that court's rules and procedures,[1] and given it may take

---

[1] For example, depositions in the pending NDCAL Uniloc cases are being coordinated for efficiency and are subject to a Protective Order that is materially different than the one this Court entered – over Apple's objections. In addition, under this Court's scheduling order, final contentions are due on November 13, but the NDCAL has very specific requirements for contentions that differ from this Court.

several weeks for this case to be transferred to the NDCAL, the Court should stay this case

pending transfer to the NDCAL.  *See In re Apple Inc.,* No. 2020-135, Order at 5 (Fed. Cir. Nov.

9, 2020) (Dkt. 105) (noting that transfer should take top priority and that the court should not

move forward with other substantive activity before addressing transfer).  A stay under these

circumstances is also consistent with how the Court recently handled a very similar situation in

the *Synkloud v. Adobe* case.  In that case, following the issuance of a writ of mandamus ordering

transfer, the Court agreed that work should not continue in this District as to the transferred

defendant pending the ultimate transfer to the NDCAL.[2]  The same result is appropriate here.

Apple incorporates by reference the arguments and authorities set forth in its motion to

stay pending transfer (Dkt. No. 30, attached hereto as Ex. A), which demonstrate that the Court

has the authority to stay this case and should do so under these circumstances.  *See also*, *Id.*

Indeed, the considerations supporting a stay are even more pronounced in this case now that the

CAFC has determined that the NDCAL is the clearly more convenient venue.

Given the time-sensitive nature of these issues, Apple respectfully requests a

teleconference with the Court at the earliest opportunity.

---

[2] "[I]f the plaintiff seeks to exhaust its rights with respect to a party that the Circuit has told me ought to be transferred, that's fine. However, I am not going to require that party to continue to do anything in the case while that's happening. I don't think that would be fair. I don't think that's what the Circuit would want me to do."  (Transcript of Telephonic Status Conference at 17, *Synkloud Tech., LLC v. Dropbox, Inc. et al.*, Nos. W-19-cv-525, W-19-cv-526, W-19-cv-527), attached hereto as Ex. B.

Dated:  November 11, 2020

Respectfully submitted,

By:  */s/ John M. Guaragna*
      JOHN M. GUARAGNA (Bar No. 24043308)
      john.guaragna@dlapiper.com
      **DLA PIPER LLP (US)**
      401 Congress Avenue, Suite 2500
      Austin, TX  78701-3799
      Tel:   512.457.7000
      Fax:  512.457.7001

      MARK FOWLER (Bar No. 124235)
      mark.fowler@dlapiper.com
      CHRISTINE K. CORBETT (Bar No. 209128)
      christine.corbett@dlapiper.com
      ERIK R. FUEHRER (Bar No. 252578)
      erik.fuehrer@dlapiper.com
      **DLA PIPER LLP (US)**
      2000 University Avenue
      East Palo Alto, CA  94303-2214
      Tel:   650.833.2000
      Fax:  650.833.2001

ATTORNEYS FOR DEFENDANT
APPLE INC.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Uniloc in a good-faith effort to resolve the matter presented herein.  Uniloc opposes the relief requested in the instant Motion.

    */s/ John M. Guaragna*
    John M. Guaragna

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 11th day of November 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

    */s/  John M. Guaragna*
    John M. Guaragna