# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ) | Case No. 3:21-cv-995-VC |
| ) |  |
| Uniloc 2017 LLC ) |  |
| ) | **JOINT CASE MANAGEMENT** |
| *Plaintiff,* ) | **STATEMENT** |
| ) |  |
| v. ) |  |
| ) |  |
| Apple Inc., ) |  |
| ) |  |
| *Defendant.* ) |  |

Plaintiffs, Uniloc 2017, LLC, ("Uniloc"), and Defendant, Apple Inc. ("Apple"), the parties to this action, submit this JOINT CASE MANAGEMENT STATEMENT, pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

*Uniloc's Statement*: Uniloc is amendable to a stay of this action, provided on the IPR estoppel applying to Apple. This is set forth in greater detail below in the Scheduling Section.

*Apple's Statement*: As set forth below, Apple respectfully requests that the Court stay this case pending (1) the various appeals related to whether Uniloc has standing to bring these actions; and (2) Uniloc's challenge to the Federal Circuit's transfer order.

## 1.      Jurisdiction & Service

This action is a patent infringement case involving U.S. Patent No. 6,467,088 ("the '088 Patent"). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

There is no dispute in this Court at present regarding venue, and no parties remain to be served.[1]

## 2.     Facts

### *Plaintiff's Statement*

Uniloc alleges that Apple infringed the '088 Patent when it determined compatibility of application and operating system software updates and downloads prior to installing the software on Apple devices.  Those devices include models of the iPhone, iPad, Apple TV, Apple Watch, and laptop (*e.g.*, MacBook and MacBook Pro) and desktop (*e.g.*, Mac and Mac Pro) products.

Uniloc filed this action in the U.S. District Court for the Western District of Texas in September, 2019.  Apple filed its answer a month later.

The Court held Claim Construction Hearing in May, 2020 and entered an order construing the claims in June, 2020.  Apple petitioned the U.S. Court of Appeals for the Federal Circuit to issue a writ of mandamus to order transfer of the case to this venue under 28 U.S.C. § 1404(a), and the Federal Circuit granted the petition.  This case was then transferred to this Court.

Based on Apple's Answer, the following are the principal factual issues in dispute:

1.     If Apple infringes the '088 Patent claims;

2.     If Apple has proved by clear and convincing evidence that the asserted claims of the '088 Patent claims are invalid; and

3.     The amount of damages adequate to compensate Uniloc for Apple's infringement of the '088 Patent.

---

[1] This case was transferred after the U.S. Court of Appeals for the Federal Circuit granted Apple's Petition for a Writ of Mandamus to order transfer under 28 U.S.C. § 1404(a).  *See In re Apple*, 979 F.3d 1332 (Fed. Cir. 2020).  Uniloc reserves its rights to challenge the Federal Circuit's Order before the Supreme Court and have this case transferred back to the Western District of Texas.

*Defendant's Statement*

Uniloc alleges that Apple infringes the '088 patent.  Apple believes that the principal factual issues in dispute will relate to (1) the non-infringement of the '088 patent; (2) the invalidity of the asserted claims, including how the supposed "inventions" were anticipated by or obvious over the prior art; (3) whether Uniloc has standing to sue Apple regarding the '088 patent; (4) the value, if any, of the '088 patent; and (5) whether Uniloc conducted a reasonable pre-filing investigation and whether it has or had a good-faith basis for bringing or maintaining its claims against Apple.  On October 3, 2019, Apple filed an answer denying the material allegations of the Complaint and asserting a number of affirmative defenses (Dkt. No. 9).

3.    **Legal Issues**

The parties dispute the following legal issues:

- Whether Uniloc has standing;

- Whether Apple is liable for infringement of the '088 Patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

- Whether the asserted claims of the '088 Patent are invalid under one or more of 35 U.S.C. §§ 102,103, or 112;

- Whether the asserted claims of the '088 patent are directed to unpatentable, abstract ideas under 35 U.S.C. §101;

- Whether Uniloc's claims are barred or limited based on any affirmative defense;

- Whether Uniloc's damages are limited under 35 U.S.C. §287;

- The amount of damages and other monetary relief, if any, for which Apple is liable, assuming liability is proven, including costs, reasonable attorneys' fees, and interest;

- Whether Apple is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

### 4.      Motions

Apple filed a motion to change venue pursuant to Section 1404(a) (Dkt. No. 15), which the Court denied (Dkt. 72).  The Federal Circuit subsequently granted Apple's Petition for a Writ of Mandamus.  *In re Apple*, 979 F.3d 1332 (Fed. Cir. 2020).

Apple filed a motion to stay pending resolution of its motion to change venue (Dkt. 30), which the Court denied (Text Order Denying Dkt. 30).

Apple filed a Motion for Supplemental Claim Construction Briefing (Dkt. 91), which was still pending at the time this case was transferred to this venue.

Uniloc contacted the Court to seek leave to file a Motion to Compel Apple to produce discovery, pursuant to the District Court's Order Governing Proceedings, which was still pending at the time this case was transferred to this venue.[2]

Apple filed a Motion for a Protective Order (Dkt. 96), which was still pending at the time this case was transferred to this venue.

Uniloc filed a Motion to Strike Apple's Invalidity Contentions (Dkt. 103), which was still pending at the time this case was transferred to this venue.

Apple filed a Motion to Stay Case Pending Transfer (Dkt. 106), and the Court ordered the case stayed (Dkt. 109).

Apple requested that the Court transfer the case while Uniloc exhausted its petition for certiorari, and the Court ordered transfer of the case (Dkt. 115).

---

[2] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20022620.pdf ("A party may not file a Motion to Compel discovery unless: . . . (2) the party has contacted the Court's law clerk (with opposing counsel) to arrange a telephone conference with the Court to summarize the dispute and the parties respective positions.").

***Apple's Statement***

Unless Uniloc agrees to stay this case pending the various standing appeals, Apple anticipates filing a motion to dismiss and/or stay this case for lack of standing.  Apple also intends to file a motion to dismiss the case pursuant to 35 U.S.C. §101 because all asserted claims of the '088 patent are directed to unpatentable, abstract ideas.  Apple also reserves the right to file motions for summary judgement regarding non-infringement, invalidity and lack of damages as a result of Uniloc's failure to comply with 35 U.S.C. §287.

**5.      Amendment of Pleadings**

The parties do not expect to further amend pleadings, except with leave of court.

**6.      Evidence Preservation**

The parties have reviewed the ESI Guidelines.  The parties have met-and-conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportional steps to preserve evidence.  The parties agree that they need to preserve voice or text messages, instant messages or voicemail.

**7.      Disclosures**

The parties have already exchanged initial disclosures.  Any supplemental initial disclosures shall be exchanged within two weeks (14 calendar days) of the Initial Case Management Conference.

**8.      Discovery**

*Email Service Agreement:* The parties have agreed to service of discovery requests, discovery responses, expert reports and other documents that are not served through the Court's ECF system (for example, sealed pleadings) will be by e-mail only.  Service by e-mail will be treated as service by hand delivery.  Where voluminous documents are not amenable to e-mail

transmission, the parties further agree to accept service by other reasonable electronic means, such as by an e-mail providing access to the documents on a FTP site or through other online services, so long as the sender provides instructions on how to access the documents.

The parties further agree that a document is deemed served on a particular date if it (or an email providing access to it) is received by midnight PST on that calendar day (provided that the sender does not receive any indication that the email transmission was unsuccessful); otherwise it is deemed served on the next business day.

### Plaintiff's Statement

Uniloc is amenable to a limited stay of this case, including discovery. The parties were proceeding in the Western District of Texas according to the Court's Order Governing Proceedings[3] and the Protective Order entered by the Court (Dkt. 68). The parties had entered into the merits-phase of discovery in this case and had served written discovery and taken deposition testimony. Uniloc proposes that, after any stay lifts, that the case continue to proceed under those orders.

### Defendant's Statement

This case is no longer pending in the Western District of Texas and, therefore, the Court's Order Governing Proceedings is no longer applicable. Apple proposes that the parties agree to the discovery limitations in the Federal Rules of Civil Procedure. No party may serve more than 45 requests for admissions, except unlimited requests for admissions for document authentication.

Given the number of cases pending between the parties in the NDCAL, Apple further requests that the parties use their best efforts to avoid taking more than one deposition of any

---

[3] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20022620.pdf.

person, whether in this case or across the multiple cases between the parties, including, where appropriate, a party agreeing to make deposition testimony of its party witness taken in another case between the parties available for use in this case.

Apple proposes that the parties enter into a stipulated ESI Order, identical in form to the ESI Orders that have been filed in nearly each *Uniloc v. Apple* case pending in the NDCAL. Apple will also respectfully request modifications to the Protective Order in order to mirror the protective orders that been entered in this District between the parties.

**9.     Class Actions**

Not applicable.

**10.     Related Cases**

Uniloc 2017 has asserted the '088 Patent against Microsoft in the case *Uniloc 2017 LLC v. Microsoft Corp.*, 8:19-cv-00956 (C.D. Cal. May 20, 2019), which remains pending.

The '088 Patent is subject to an *Inter Partes* Review ("IPR") proceedings filed by Microsoft, *Microsoft Corp. v. Uniloc 2017 LLC*, IPR2020-00023 (P.T.A.B. Oct. 11, 2019). All asserted claims are subject to this IPR proceeding and a Final Written Decision is due on April 14, 2021.

**11.     Relief**

***Plaintiff's Statement***

Uniloc seeks damages for patent infringement of at least a reasonable royalty in an amount to be determined.

***Defendant's Statement***

Apple seeks an award of attorneys' fees, costs and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these

damages at this time, as the attorneys' fees, costs, and expenses will continue to accrue until the case is resolved.

### 12.    Settlement and ADR

*Plaintiff's Statement*

Uniloc would prefer to mediate this case as soon as practicable.

*Defendant's Statement*

In addition to this case, the parties are involved in multiple other litigations and PTAB proceedings that involve several Uniloc patents.  The parties previously attended a Mediation with Alexander "Lex" Brainerd.  The parties have also participated in a Settlement Conference before Chief Magistrate Judge Spero on January 29, 2020.  To date, no settlement has been reached.  The parties are scheduled to attend a global settlement conference with Judge Spero on May 18, 2021.

### 13.    Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial or entry of judgment.

### 14.    Other References

The parties do not believe this matter is suitable for arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues

None at this time.

*Defendant's Statement*

Once the threshold issues of standing and transfer are complete, Apple anticipates filing a motion to dismiss this case pursuant to 35 U.S.C. §101 because all asserted claims of the '088 patent are directed to unpatentable, abstract ideas.

16.    **Expedited Trial Procedure**

The parties do not believe at the present time that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17.    **Scheduling**

***Plaintiff's Statement***

Uniloc does not oppose a stay, as detailed below, conditioned on the IPR-based preclusion applying to Apple as it would to Microsoft (the petitioner). Uniloc does not oppose a stay pending the Final Written Decision in the *Microsoft Corp. v. Uniloc 2017 LLC*, IPR2020-00023 (P.T.A.B. Oct. 11, 2019), which is currently due in mid-April.

Uniloc does not oppose the stay so long as Apple agrees to be bound to the statutory estoppel under 35 U.S.C. § 315(e)(2) to the same extent Microsoft will be upon issuance of the final written decision. Apple already filed a Petition for *Inter Partes* Review of the '088 Patent, which was denied. *Apple, Inc. v. Uniloc 2017 LLC*, IPR2019-00056 (P.T.A.B. Oct. 17, 2018). The time to Apple to file a Petition for *Inter Partes* Review of the '088 Patent has expired. It is appropriate in these circumstances to condition the stay on Apple's agreement to be bound. *See Uniloc 2017 LLC v. Apple, Inc.*, No. 3:19-CV-01697-VC (N.D. Cal. March 9, 2020) (Dkt. 118) ("The Court is tentatively inclined to conclude that a stay is warranted, provided that the parties can reach a reasonable agreement regarding the preclusive effect of the Microsoft IPR proceedings.").

Uniloc also does not oppose extending that stay through the deadline to seek Supreme Court review of the Federal Circuit's split-panel transfer order (which arrives in early July, 2021).[4]

---

[4] The Court extended the deadline to 150 days in March, 2020 based on the COVID-19 pandemic. https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

Finally, Uniloc does not oppose extending the stay pending the Federal Circuit appeals of *Uniloc* standing decisions.[5]  Uniloc is willing to meet-and-confer with Apple regarding the schedule to have the case continue from the stage it was in the Western District of Texas.

### Defendant's Statement

This case should be stayed for at least two reasons.

*First*, this Court as well as the District of Delaware have issued opinions that Uniloc lacks standing.  *See Uniloc 2017 LLC v. Google LLC* (Case No. 20-4355 and various related cases); *Uniloc USA, Inc. et al. v. Apple Inc.* (Case No. 18-358); *Uniloc USA, Inc. et al. v. Motorola Mobility LLC* (Case No. 17-1658).  Those courts held that a third party had the ability to sublicense the patents in the Uniloc portfolio as of the dates those actions were filed; that that ability deprived Uniloc of constitutional standing to file the actions; and that the court therefore did not have subject matter jurisdiction.  As a result, those courts dismissed the actions, and Uniloc is appealing those decisions.  Because those decisions create issue preclusion as to various factual and legal issues in this action, and that preclusion may cause this Court to lack subject matter jurisdiction over this action, Apple believes the Court cannot proceed until the Federal Circuit resolves those issues.  As such, this case should be stayed until the last of such decisions on the above appeals by the United States Court of Appeals for the Federal Circuit.  In each Uniloc v. Apple case pending in this District that was not otherwise stayed pending IPRs, Uniloc has stipulated to a stay of the case pending these appeals.  *See Uniloc USA, Inc. et al v. Apple Inc.*, No. 5:19-cv-01692-EJD (Dkt. No. 204); *Uniloc USA, Inc. et al v. Apple Inc.*, No. 4:19-cv-01691-JST (Dkt. No. 83); *Uniloc USA, Inc.*

---

[5] *Uniloc USA, Inc. v. Apple, Inc.*, No. 3:18-CV-00358-WHA (N.D. Cal. Dec. 4, 2020) (Dkt. 186); *Uniloc 2017 LLC v. Google LLC*, No. 4:20-CV-04355-YGR (N.D. Cal. Dec. 22, 2020) (Dkt. 370); *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 1:17-CV-01658-CFC (D. Del. Dec. 30, 2020) (Dkt. 114).

*et al. v. Apple Inc.*, No. 4:19-cv-01693-JST (Dkt. No. 72); *Uniloc 2017 LLC v. Apple Inc.*, No. 3:19-01904-WHO (Dkt. No. 90).

*Second*, Uniloc has suggested that it intends to challenge the Federal Circuit's transfer Order before the Supreme Court and have this case transferred back to the Western District of Texas. Uniloc's last day to file a petition of writ of certiorari with the Supreme Court is May 4, 2021. Should Uniloc file such a writ, this case should be stayed until completion of the transfer issue.

At the Court's request, Apple is prepared to brief these issues. Moreover, while all asserted claims of the '088 Patent is subject to an IPR proceeding filed by Microsoft, *Microsoft Corp. v. Uniloc 2017 LLC*, IPR2020-00023 (P.T.A.B. Oct. 11, 2019) and a Final Written Decision is expected by April 15, 2021, Apple will not agree, at this time, to be bound to the statutory estoppel under 35 U.S.C. § 315(e)(2) to the same extent Microsoft will be upon issuance of the Final Written Decision. There is no dispute that this case should be stayed pending the threshold issues of standing and transfer and the PTAB will issue a Final Written Decision in the next six weeks.

For these reasons, Apple respectfully requests that the Court not set a case schedule at this time. However, any case schedule will need to begin with service of infringement contentions as the requirements of this Court differ from those in the WDTX. Apple is willing to meet and confer with Uniloc's counsel to set a case schedule once the above threshold issues have been resolved.

### 18.    Trial

*Plaintiff's Statement:* This case will be tried to a jury. The parties anticipate that the trial will take approximately five court days.

*Defendant's Statement*: Given that this Court may lack subject matter jurisdiction, it is improper to address trial logistics at this time.

**19.     Disclosure of Non-Party Interested Entities of Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil

L.R. 3-15.

**_Plaintiff's Statement_**

Uniloc Luxembourg assigned the patents to Uniloc 2017 LLC on May 3, 2018.  CF Uniloc

Holdings LLC is the parent company of Uniloc 2017.

**_Defendant's Statement_**

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the

named parties, there is no such interest to report.  Apple states that it has no parent corporation and

that no publicly-held corporation owns 10% or more of its stock.

**20.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

**21.     Other**

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

Pursuant to Patent Local Rule 2(b), the parties provide the following information:

(1)  Proposed modification of the obligations or deadlines set forth in these Patent Local

Rules to ensure that they are suitable for the circumstances of the particular case (_see_ Patent L.R.

1-3);

**_Plaintiff's Statement_**

Uniloc proposes that the parties follow the deadlines set forth in the Patent Local Rules to

the extent those events apply in this case.

### Defendant's Statement

After the threshold issues of standing and transfer are complete, Apple agrees to comply with the dates set forth in the Patent Local Rules, which should start with Uniloc's Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3-1.

(2)  The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court;

### Plaintiff's Statement

The Court in the Western District of Texas already construed the claims and no further construction of the claims is warranted.

### Defendant's Statement

Apple will meet and confer with Uniloc regarding any necessary claim construction discovery as the case progresses.

(3)  The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and

### Plaintiff's Statement

The Court in the Western District of Texas already construed the claims and no further construction of the claims is warranted.

### Defendant's Statement

In connection with the Microsoft IPR and after the *Markman* hearing and Order in this case, Uniloc filed a Patent Owner Response ("POR").  In the POR, Uniloc made important statements regarding the scope of two claim limitations in the '088 patent: (1) "comparing"/"compare"; and (2) "determined component."  These claim limitations apply to all

claims of the '088 patent.  In the WDTX case, Apple requested leave to file a supplemental claim construction brief.  That motions remains pending. (Dkt. No. 91).

(4)  How the parties intend to educate the court on the technology at issue.

***Plaintiff's Statement***

The Court in the Western District of Texas already construed the claims and no further construction of the claims is warranted.

***Defendant's Statement***

No applicable at this time.

(5)  The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.

***Plaintiff's Statement***

Uniloc is unable to provide a range at this time.  Apple has yet to provide fulsome damages discovery that would allow Uniloc to provide a range, including sales revenue, install base, and usage data and discovery regarding Apple surveys, licenses, and license valuation, such as Apple's advanced mobile technology.  Additional third-party discovery may further inform the analysis, such as discovery from Philips (a prior owner of the '088 Patent), which has yet to be produced.

***Defendant's Statement***

Apple seeks an award of attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper.  It is not possible for Apple to provide a calculation of these

damages at this time, as any attorneys' fees, costs, and expenses to which Apple is entitled will

depend on future rulings of this Court and will continue to accrue until the case is resolved.

Dated:        March 3, 2021

Respectfully Submitted,
By: /s / Christian Hurt
William E. Davis, III
Appearance *pro hac vice pending*
bdavis@bdavisfirm.com
Christian Hurt
Appearance *pro hac vice pending*
churt@bdavisfirm.com
Edward Chin
Appearance *pro hac vice pending*
echin@bdavisfirm.com
Rudolph Fink, IV
Appearance *pro hac vice pending*
rfink@davisfirm.com
Ty Wilson
Appearance *pro hac vice pending*
Twilson@davisfirm.com

DAVIS FIRM
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661

James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: (617) 456-8000
F: (617) 456-8100

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
357 S. Coast Highway, Suite 200
Laguna Beach, CA 92651
T: (949) 232-6375
F: (949) 861-9133

**Counsel for Plaintiff**
**Uniloc 2017 LLC**

Dated: March 3, 2021

*/s/ Christine Corbett*
Mark D. Fowler
Christine K. Corbett
Erik Fuehrer
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

ATTORNEYS FOR DEFENDANT
APPLE INC.

## ECF CERTIFICATION

I hereby certify that my ECF identification and password have been used to file this document.  Agreement to file this document was obtained from Christian Hurt, counsel for Uniloc 2017 LLC.

*/s/ Christine Corbett*
Christine Corbett