UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Uniloc 2017 LLC<br><br>   *Plaintiff,*<br><br>v.<br><br>Apple Inc.,<br><br>   *Defendant.* | Case No. 3:21-cv-995-VC<br><br>**JOINT STATUS REPORT AND JOINT STIPULATION WITH [PROPOSED] ORDER TO STAY CASE PENDING APPEALS** |

Plaintiff, Uniloc 2017, LLC, ("Uniloc"), and Defendant, Apple Inc. ("Apple") jointly file this stipulation to stay pending appeal of other relevant cases.

### Status Report

After the parties submitted the Joint Case Management Statement (Dkt. 130), the parties continued to meet-and-confer on a stipulation to stay this case. As detailed in the Statement, Apple requests a stay and Uniloc does not oppose a stay. The parties, however, disagreed on the conditions of the stay. The parties have now agreed to the following stipulation and attached a proposed order staying this case.

### Stipulation

THE PARTIES STIPULATE to stay this action, pending appeal of this District's decision regarding the Uniloc entities' lack of standing in *Uniloc 2017 LLC v. Google LLC* (Case No. 20-4355 and various related cases); this District's decision regarding Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc. et al v. Apple Inc.* (Case No. 18-358);

and the District of Delaware's decision regarding Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc. et al. v. Motorola Mobility LLC* (Case No. 17-1658).

Those courts held that a third party had the ability to sublicense the patents in the Uniloc portfolio at-issue in those cases as of the dates those actions were filed; that that ability deprived the Uniloc plaintiffs of constitutional standing to file those actions; and that the court therefor did not have subject matter jurisdiction.  As a result, those courts dismissed the actions, and the Uniloc plaintiffs from those cases have filed appeals as to those decisions.

Because those decisions appear to create issue preclusion as to various factual and legal issues in this action, and that preclusion may cause this Court to lack subject matter jurisdiction over this action, the parties believe the Court should not proceed until the Federal Circuit resolves those issues.

The parties therefor STIPULATE, with the consent of the Court, to stay this action until the last of such decisions on the above appeals by the United States Court of Appeals for the Federal Circuit.

Dated: March 4, 2021

Respectfully Submitted,
By: /s / Aaron Jacobs
William E. Davis, III
Appearance *pro hac vice pending*
bdavis@bdavisfirm.com
Christian Hurt
Appearance *pro hac vice pending*
churt@bdavisfirm.com
Edward Chin
Appearance *pro hac vice pending*
echin@bdavisfirm.com
Rudolph Fink, IV
Appearance *pro hac vice pending*
rfink@davisfirm.com
Ty Wilson
Appearance *pro hac vice pending*
Twilson@davisfirm.com

        DAVIS FIRM
        213 N. Fredonia Street, Suite 230
        Longview, Texas 75601
        T: (903) 230-9090
        F: (903) 230-9661

        James J. Foster
        jfoster@princelobel.com
        Aaron S. Jacobs (CA No. 214953)
        ajacobs@princelobel.com
        PRINCE LOBEL TYE LLP
        One International Place, Suite 3700
        Boston, MA 02110
        T: (617) 456-8000
        F: (617) 456-8100

        Matthew D. Vella (CA No. 314548)
        mvella@princelobel.com
        PRINCE LOBEL TYE LLP
        357 S. Coast Highway, Suite 200
        Laguna Beach, CA 92651
        T: (949) 232-6375
        F: (949) 861-9133

        **Counsel for Plaintiff**
        **Uniloc 2017 LLC**


Dated: March 4, 2021
*/s/ Christine Corbett*
Mark D. Fowler
Christine K. Corbett
Erik Fuehrer
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

ATTORNEYS FOR DEFENDANT
APPLE INC.